UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEOFFREY L. OLSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SNOHOMISH COUNTY, *et al*.,<br><br>        Defendants. | CASE NO.  C05-638RSM-MJB<br><br>REPORT AND<br>RECOMMENDATION |

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

This is s civil rights action brought under 42 U.S.C. § 1983.  Plaintiff is a state prisoner who is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. Plaintiff alleges in his amended civil rights complaint that defendants violated his right to be free from cruel and unusual punishment, and his right to due process, during the course of his incarceration in the Snohomish County Jail in 2003.  More specifically, plaintiff alleges that he was unnecessarily sprayed with a chemical irritant spray while strapped into a restraint chair, and that defendants thereafter failed to wash the irritant from his eyes or to administer necessary medical care.  Plaintiff contends that he was left in the restraint chair in this condition for over 12

REPORT AND RECOMMENDATION
PAGE - 1

hours. Plaintiff identifies Snohomish County and various employees of the Snohomish County Jail as defendants in this action.

Defendants have now filed a motion to dismiss this action. Plaintiff has filed no response to defendants' motion. This Court, having reviewed defendants' motion, and the balance of the record, concludes that the motion to dismiss should be granted and that this action should be dismissed, without prejudice, for failure to exhaust administrative remedies.

## DISCUSSION

Defendants argue in their motion to dismiss that this action should be dismissed because plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002)("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001).

If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)(citations and footnote omitted).

Defendants assert in their motion to dismiss that Snohomish County has an established administrative grievance process, but that plaintiff made no effort to avail himself of this process prior to filing the instant civil rights action. Defendants have offered the declaration of

REPORT AND RECOMMENDATION
PAGE - 2

Christopher Bly, Jail Commander at the Snohomish County Correctional Facility, to support this assertion. Plaintiff offers nothing by way of evidence or argument to refute defendants' assertion. Accordingly, this Court recommends that defendant's motion to dismiss be granted and that plaintiff's amended complaint, and this action, be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 25th day of January, 2006.

*/s/ M.J. Benton*
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3